IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America,<br>    Plaintiff,<br>v.<br>GAYLIN NAKAIDENEH,<br>    Defendant. | CASE: CR06-136-PCT-MEA<br><br>**O R D E R** |
|---|---|

    The court is in receipt of defendant's letter dated March 26, 2006. The court views defendant's letter to be a pro se motion for reduction of sentence. Defendant's letter details his excellent rehabilitation efforts while in jail for which defendant should be commended.

    Unfortunately, when Rule 35 (b), F. R. Crim. P., was amended as a result of the Sentencing Reform Act of 1984, the court was divested of authority to grant a reduction of sentence under these circumstances regardless of the defendant's rehabilitation efforts.

    Additionally, the sentence imposed was as a result of a Rule 11(c)(1)(C), F. R. Crim. P., Stipulated plea agreement.

    Therefore, based upon the foregoing, defendant's pro se motion for reduction of sentence is DENIED.

    DATED this 31st day of March, 2006.

    *Mark E. Aspey*
    Mark E. Aspey
    United States Magistrate Judge

1
2
3
4        IN THE UNITED STATES DISTRICT COURT
5           FOR THE DISTRICT OF ARIZONA

6  United States of America,
7        Plaintiff,                    CASE: CR06-136-PCT-MEA
8  v.                                  **O R D E R**
9  GAYLIN NAKAIDENEH,
10       Defendant.
11

12   The court is in receipt of defendant's letter dated March 26, 2006.  The court
13 views defendant's letter to be a pro se motion for reduction of sentence.
14 Defendant's letter details his excellent rehabilitation efforts while in jail for which
15 defendant should be commended.
16   Unfortunately, when Rule 35 (b), F. R. Crim. P., was amended as a result of
17 the Sentencing Reform Act of 1984, the court was divested of authority to grant a
18 reduction of sentence under these circumstances regardless of the defendant's
19 rehabilitation efforts.
20   Additionally, the sentence imposed was as a result of a Rule 11(c)(1)(C), F.
21 R. Crim. P., Stipulated plea agreement.
22   Therefore, based upon the foregoing, defendant's pro se motion for reduction
23 of sentence is DENIED.
24   DATED this 31st day of March, 2006.
25
26
27                          _____
                                    Mark E. Aspey
28                          United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>GAYLIN NAKAIDENEH,<br><br>    Defendant. | CASE: CR06-136-PCT-MEA<br><br>**O R D E R** |

The court is in receipt of defendant's letter dated March 26, 2006. The court views defendant's letter to be a pro se motion for reduction of sentence. Defendant's letter details his excellent rehabilitation efforts while in jail for which defendant should be commended.

Unfortunately, when Rule 35 (b), F. R. Crim. P., was amended as a result of the Sentencing Reform Act of 1984, the court was divested of authority to grant a reduction of sentence under these circumstances regardless of the defendant's rehabilitation efforts.

Additionally, the sentence imposed was as a result of a Rule 11(c)(1)(C), F. R. Crim. P., Stipulated plea agreement.

Therefore, based upon the foregoing, defendant's pro se motion for reduction of sentence is DENIED.

DATED this 31st day of March, 2006.

_____
Mark E. Aspey
United States Magistrate Judge